(No. 34642.—

LYLE E. EVERSOLE, Appellant, *vs.* ROY F. CUMMINS, Director of Labor, Appellee.

*Opinion filed May 21, 1958.*

CRAIG & CRAIG, of Mattoon, (J. H. ANDERSON, of counsel,) for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves a dispute as to the rate at which unemployment compensation contributions are to be paid. The Director of Labor decided that Lyle Eversole was not entitled to the employment experience rating of a dissolved partnership of which he had been a member. In a proceeding under the Administrative Review Act the circuit court of Douglas County confirmed that decision and Eversole appeals. Ill. Rev. Stat. 1957, chap. 48, par. 685.

For some years prior to 1954 two brothers, Lyle and Keith Eversole, were equal partners in a farm equipment, hardware and household appliance business in Hindsboro. The inventory of the partnership was located in two separate buildings a block apart. One building contained farm equipment, hardware and appliances; the other contained hardware and appliances. Lyle Eversole devoted most of his time to the farm equipment part of the business, and Keith Eversole devoted most of his time to the hardware and appliance part of the business.

During December of 1953 the brothers orally agreed to dissolve the partnership. According to their testimony, the agreement contemplated that Lyle Eversole would become responsible for the firm obligations, that an accounting should be taken as of December 31, 1953, and that Keith Eversole could take his share in cash or in inventory, as he elected. The accounting was completed about January 18, 1954, and the brothers testified that Keith then elected to take his share in inventory. He also purchased from Lyle certain merchandise that had formerly belonged to the partnership. The partnership was terminated on January 1, 1954. Thereafter Lyle sold farm equipment, and Keith sold hardware and appliances.

On December 31, 1953, the partners issued a public announcement addressed, "To the many friends and customers of Eversoles." The announcement stated: "We are pleased to announce that, on Jan. 1, 1954, we will operate as two separate businesses and not as a partnership as we

have been for the past seven years. * * * The business will be as follows—Keith Eversole—Hardware and Appliances.—Lyle Eversole—Farm Equipment."

The basic rate of contribution under the Unemployment Compensation Act is 2.7 per cent of wages paid, up to $3000. (Ill. Rev. Stat. 1953, chap. 48, par. 570.) To reward employers who have a favorable employment record over the five preceding calendar years, the act provides variable rates ranging from .25 per cent to 2.7 per cent. These variable rates are based upon the ratio between the amounts paid into the fund by an employer and the amounts paid out of the fund as benefits to his employees. (Ill. Rev. Stat. 1953, chap. 48, pars. 573, 576.) Under the act there are only two ways in which an employing unit can secure a variable rate. One is by having the required five years of employment experience; the other is by succeeding to "substantially all of the employing enterprises of another employing unit" which had the required experience. Ill. Rev. Stat. 1953, chap. 48, pars. 576, 577.

The partnership satisfied the experience requirement and its experience had been favorable, so that its contribution rate was .25 per cent, the lowest possible rate. Lyle Eversole contends that he is entitled to this rate. To reach this conclusion he argues that the termination of the partnership was but a "technical dissolution," which did not create a new employing unit, and that the partnership and his individual proprietorship are, in reality, the same employing unit.

We think that the Director and the trial court properly rejected this contention. When the partnership employing unit ceased to exist, effective January 1, 1954, two new and separate employing units succeeded to the business that it had previously conducted. Lyle Eversole did not become the owner of both of the stores operated by the partnership, or of all the business conducted by it. Instead he succeeded only to the farm implement operation, and Keith became

the independent owner of the hardware and appliance operation. Two new employing units emerged, not merely as a matter of law, but in fact. The dissolution was not a technical one. After January 1, 1954, neither brother had a legal right to exercise any control whatsoever over the employment policy or any other aspect of the other's business, and in fact neither attempted to do so.

It seems to be suggested by the plaintiff that because of the delay that occurred while the accounting was being taken, he was the sole proprietor of all of the partnership business from January 1 to January 18, and that what happened thereafter was only a reduction of his inventory. The public announcement made by the partners is directly to the contrary, however, and neither the Director nor the trial court was required to conclude that the announcement was, as plaintiff says, intended primarily as advertising. But in any case, if it be said that it was for a short time uncertain what Keith was to take, it was also uncertain what Lyle was to retain. At no time did he succeed to "substantially all of the employing enterprises" of the partnership.

We do not find support for the plaintiff's position in *Karlson* v. *Murphy*, 387 Ill. 436, upon which he rests heavily. There the number of partners in a firm engaged in the securities business was reduced, by deaths and withdrawals, from fourteen to seven during a two-year period. The partnership agreement provided for the purchase of the interest of a withdrawing or deceased partner by the remaining partners. The question was whether each of the six separate partnerships that existed during the two-year period was also a separate employing unit. If so, each was required to pay contibutions upon employees' wages up to $3000 despite the fact that contributions upon that amount of wages had already been paid by a predecessor partnership. It was held that there was but a single employing unit during the period in question, regardless of the deaths and withdrawals of partners. The problem considered in

that case differs sharply from the present one. Nothing there said suggests that new employing units would not have been created if the assets of the partnership had been distributed among the partners, who then engaged in business as individuals. Similar considerations apply to *Cohen* v. *District Unemployment Compensation Board,* 167 F.2d (C.A.D.C.) 883, upon which plaintiff also relies.

The judgment of the circuit court of Douglas County is affirmed.

*Judgment affirmed.*